# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

LUTHER RAY LEWIS, JR.,

      Plaintiff,

v.

NELLIS AIR FORCE BASE, *et al.*,

      Defendants.

2:09-cv-02049-KJD-LRL

**ORDER AND RECOMMENDATION**

Plaintiff has submitted an Application to Proceed *In Forma Pauperis* and a Complaint. (#1). The court finds that plaintiff is unable to prepay the filing fee. However, the court also recommends that the Complaint be dismissed with prejudice as delusional and frivolous.

**I.**     ***In Forma Pauperis* Application**

Plaintiff Luther Ray Lewis has submitted the affidavit required by 28 U.S.C. § 1915(a) showing that he is unable to prepay fees and costs or give security for them. Accordingly, his request to proceed *in forma pauperis* will be granted pursuant to § 1915(a).

**II.**    **Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989), *superseded by statute on other grounds as stated in Brown v. Citicorp.*, 1997 U.S. LEXIS 16496, at \*3 (N.D. Ill. Oct. 16, 1997); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) ("A finding of factual frivolousness is appropriate when

the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

Lewis alleges, among other things, that defendants have allowed "30 innerspace aircraft to track an African American with a clandestine 'EMR' neural device without his consent," that his family is in danger of being murdered by hostile devil worshipers, and that an "anti-American and anti-Black" neural scientist network has tortured him "for 8 years from California to Nevada." Lewis seeks compensation in "the amount of 2 million dollars or close for hardship and illegal unauthorized surveillance of family and self." The court finds that these statements are fantastic, delusional, and irrational, and will therefore recommend that the Complaint be dismissed.

Accordingly, and for good cause shown,

IT IS ORDERED that plaintiff's Application to Proceed *In Forma Pauperis* (#1) is GRANTED.

IT IS FURTHER ORDERED that plaintiff is permitted to maintain the action to conclusion without the necessity of prepayment of any additional fees, costs, or security. This Order granting *forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that the Clerk of Court shall file the Complaint.

IT IS ALSO RECOMMENDED that the Complaint be DISMISSED with prejudice as delusional and frivolous.

DATED this 18th day of February, 2010.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**